# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA DIVISION CIVIL ACTION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 2 1 2020

JAMES N. HATTEN, Clerk
By:  Deputy Clerk

Anthony Parker, Plaintiff
v.
Intown Suites Management Inc, Defendants

**DEMAND FOR TRIAL**

NO. 1:20-cv-04151-CC

Plaintiff Anthony Parker asked the Court to file lawsuit. The statute 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) does not apply to Plaintiffs' lawsuit for frivolity. Listed below are several lawsuits filed for bedbugs putting tenants in substantial risk

But it would have been helpful had the parties presented evidence concerning the regulatory or criminal penalties to which the defendant exposed itself by deliberately exposing its customers to a substantial risk of being bitten by **bedbugs**. That is an inquiry recommended by the Supreme Court.

Mathias v. Accor Econ. Lodging, Inc., 347 F.3d 672, 678, 2003 U.S. App. LEXIS 21299, *15, 62 Fed. R. Evid. Serv. (Callaghan) 1199

It is well settled in Tennessee that the elements [*14] of a negligence claim include: (1) a duty of care owed by the defendant to plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause.

Parker v. Holiday Hospitality Franchising, Inc., 2013 Tenn. App. LEXIS 551, *13-14, 2013 WL 4647779

"In cases such as this where liability is based upon **constructive knowledge** of the dangerous or defective condition, there must be material evidence from which the trier of fact could conclude the condition existed for sufficient time and under such circumstances that one exercising reasonable care and diligence would have discovered the danger."

Parker v. Holiday Hospitality Franchising, Inc., 2013 Tenn. App. LEXIS 551, *19, 2013 WL 4647779

My lawsuit includes a colorable claim of harm with short plausible statement. Plaintiff with the Court's permission have a jury decide this matter.

Respectfully Submitted

Anthony Parker, Pro Se

825 S. Church St. 2655

Murfreesboro, TN. 37133

**This Court is required to construe pro se petitions liberally. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Such pro se petitions are held to a less stringent standard than those drafted by attorneys.**

**Erickson v. Pardus - 551 U.S. 89, 127 S. Ct. 2197 (2007)**

### RULE:
A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.

### FACTS:
A state inmate was undergoing a treatment program for hepatitis C. The treatment would take a year to complete with weekly self-injections by use of a syringe. Soon after the inmate began his treatment, one syringe made available to all inmates for medical purposes disappeared. The officials concluded that the inmate had taken the syringe and did not believe the inmate when he said otherwise. Thus, the officials found the inmate had violated the state prison conduct code and removed him from the program, stopping his treatment. The prison's protocol mandated a one-year waiting period and six months of drug education class before treatment would start again. Thus, there would be an 18-month delay before he would be able to restart treatment. The complaint stated that the decision to remove petitioner from his prescribed medication was endangering his life, and that the medication was withheld "shortly after" the one-year program started, that he was still in need of treatment, and that the officials were refusing to provide treatment. The case was dismissed by the trial court holding that the allegations of the inmate were conclusory.

### ISSUE:
Were the allegations conclusory?
### ANSWER:
No

### CONCLUSION:
The Court held that the allegations of the inmate alone satisfied Fed. R. Civ. P. 8(a)(2). Other specific allegations were made in documents attached to the complaint and other filings. It was error to dismiss the case on the ground that the allegations of harm were too conclusory to put the matters in issue.
https://www.lexisnexis.com/community/casebrief/p/casebrief-erickson-v-pardus, 10/11/2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANTHONY PARKER, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:20-cv-04151-CC |
| INTOWN SUITES MANAGEMENT, INC., | |
| Defendant. | |

## MAGISTRATE JUDGE'S ORDER

This matter is before the court on the *pro se* plaintiff's affidavit in support of his request to proceed *in forma pauperis* ("IFP") [Doc. 1]. The plaintiff seeks leave to file this civil action without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a).

After consideration by the court of the plaintiff's affidavit of indigency only, without regard to the merits of this case, the plaintiff's motion to proceed IFP [Doc. 1] is hereby **GRANTED** pursuant to § 1915(a), and the plaintiff shall be allowed to proceed with this action without prepayment of filing fees, docket costs, or United States Marshal Service fees. **It is further ORDERED that service of process shall not issue at the present time.**

The Clerk of the Court is **DIRECTED** to submit this case to the assigned district judge for a frivolity determination pursuant to 28 U.S.C. § 1915.[1]

**IT IS SO ORDERED**, this 9th day of October, 2020.

*/s/ Catherine Salinas*
**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This case does not fall into any category of cases referred by this court's Standing Order No. 18-01 to a magistrate judge.

2

895 S. Church St. 2655
Murfreesboro, TN. 37133

NASHVILLE TN 370
15 OCT 2020 PM 5

Attn: Clerk of Court Civil
US District Court
75 Ted Turner Dr. NW #2211
Atlanta GA 30303

CLEARED
OCT 21 2020
U.S. Marshals
Atlanta, GA